UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BILLY HOOVER,

    Petitioner,                             Case Number 1:17-11949
                                                 Honorable Thomas L. Ludington

v.

TONY TRIERWEILER,

    Respondent,
_____/

## **ORDER DENYING THE MOTION FOR THE APPOINTMENT OF COUNSEL**

On June 19, 2017, Petitioner Billy Hoover filed a petition for a writ of habeas corpus. ECF No. 1. On the same day, Hoover also filed a motion for the appointment of counsel. ECF No. 2. Respondent recently filed a substantive answer to the habeas petition. ECF No. 10.

The motion for the appointment of counsel will be denied. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no

evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.* In the present case, Petitioner has filed an original petition for writ of habeas corpus and an amended petition, in which he raises nine claims for relief. To this point, Petitioner has demonstrated the means and ability to present his claims to the Court. Furthermore, until the Court reviews the pleadings from the parties and the Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required. Thus, the interests of do not currently require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Accordingly, Petitioner Hoover's motion for appointment of counsel, ECF No. 2, is **DENIED without prejudice.** The Court will reconsider the motion if, upon review of the responsive pleadings and Rule 5 materials, the Court determines that appointment of counsel is necessary.

Dated: January 17, 2018                  s/Thomas L. Ludington
                                                                    THOMAS L. LUDINGTON
                                                                    United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 17, 2018.

                                        s/Kelly Winslow
                                        KELLY WINSLOW, Case Manager